IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03097-GPG

JEREMY ELLERTON,

    Petitioner,

v.

MICHAEL MILLER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Jeremy Ellerton, a Colorado Department of Corrections Prisoner, who is currently incarcerated at the Crowley County Correctional Facility, initiated this action on November 14, 2014. On November 18, 2014, the Court entered an Order directing Mr. Ellerton to cure deficiencies in this action. Specifically, the Court ordered Applicant to file, within 30 days, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the court-approved form, along with a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The Court instructed Applicant that he could pay the $5.00 filing fee in lieu of filing a § 1915 motion and affidavit.

    On January 5, 2015, after Mr. Ellerton submitted a habeas application on the incorrect form, the Court ordered the clerk of the court to send him the court-approved forms necessary to comply with the November 14, 2015 Order. (ECF No. 6). The Court also granted Applicant 30 days from the January 5 minute order to comply with

the November 14 Order. (*Id.*).

Mr. Ellerton paid the $5.00 filing fee on January 5, 2015. He file two nearly identical Applications for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on February 11, 2015. (ECF Nos. 8, 9). Neither Application contains any claims for relief under "Section D. Claims."

The Court finds that the Applications fail to comply with Fed. R. Civ. P. 8 and Rule 4 of the Rules Governing Section 2254 Cases because it does not set forth any claims for relief or supporting factual allegations. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4). Mr. Ellerton must allege specific facts to show a violation of his constitutional rights. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) ("the petition is expected to state facts that point to a 'real possibility of constitutional error,'" quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases). Fed. R. Civ. P. 8(a) requires that a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. *Pro se* status does not relieve Mr. Ellerton of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006). Accordingly, it is

ORDERED that Applicant, Jeremy Ellerton, file an amended application, on the court-approved form, that complies with this order **within thirty (30) days from the date of this order**. Any papers that Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that **the clerk's office shall mail to Applicant a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.** Applicant shall use the form in filing his amended application. It is

FURTHER ORDERED that, if Applicant fails to file an amended application that complies with this order **within thirty (30) days from the date of this order**, the application(s) will be denied and the action dismissed without further notice. The dismissal shall be without prejudice.

DATED February 17, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge