IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03097-GPG

JEREMY ELLERTON,

    Applicant,

v.

MICHAEL MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Jeremy Ellerton, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He has filed a (Third) Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 12). Mr. Ellerton challenges the validity of his conviction and sentence imposed in the District Court of Denver, Colorado. He has paid the $5.00 filing fee.

    On March 19, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). (ECF No. 13). Respondents filed a Pre-Answer Response (ECF No. 16) on March 30, 2015. Applicant filed his Reply (ECF No. 20) on May 28, 2015, after obtaining an extension of time.

The Court construes liberally the (Third) Amended Application filed by Mr. Ellerton because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed as time-barred.

## I. Background and State Court Proceedings

On April 27, 2010, Mr. Ellerton was convicted of second-degree murder pursuant to his guilty plea in Denver District Court Case No. 05CR3716. (ECF No. 16-1, at 11). He was sentenced on June 8, 2010 to serve a 32-year prison term with the CDOC, to be followed by five years of mandatory parole. (*Id.*). Applicant did not file a direct appeal.

On October 19, 2010, Mr. Ellerton filed a Colo. Crim. P. Rule 35(b) motion for reconsideration of his sentence, which was denied by the state district court on October 21, 2010. (*Id.* at 10-11). Applicant did not appeal.

On December 30, 2011, Mr. Ellerton filed a motion to withdraw his guilty plea, which the state district court construed as a motion for post-conviction relief pursuant to Colo.Crim. P. Rule 35(c), and denied on January 11, 2012. (*Id.* at 10). The Colorado Court of Appeals affirmed the district court's order in *People v. Ellerton*, No. 12CA0243 (Colo. App. Nov. 21, 2012) (unpublished) (ECF No. 16-5). Applicant filed a petition for certiorari review with the Colorado Supreme Court, which was denied on May 19, 2014. (*Id.* at 16-2).

On July 13, 2012, while his appeal was pending, Mr. Ellerton filed a motion to correct an illegal sentence, pursuant to Colo. Crim. P. Rule 35(a), which was denied by the state district court on July 18, 2012.  (*Id.* at 9).

Applicant initiated the instant federal proceeding on November 14, 2014.  He filed his (Third) Amended Application on March 18, 2015 (ECF No. 12) asserting three claims for relief.

Respondents argue in the Pre-Answer Response that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  (ECF No. 16, at 4-7). Respondents further contend that the claims asserted by Applicant are procedurally defaulted and are thus barred from merits review in this federal habeas proceeding.  (*Id.* at 13-20).

## II. AEDPA Time Bar

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Ellerton was sentenced on June 8, 2010.  Because he did not file a direct appeal, his conviction became final on July 23, 2010, when the time for filing a direct with the Colorado Court of Appeals expired.  *See* Colo. App. R. 4(b)(1) (allowing 45 days to file a direct appeal). *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 646 (2012) (holding "that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires").  The one-year period commenced on that date.  *See Holland v. Florida*, 560 U.S. 631, 635 (2010) ("On October 1, 2001, this Court denied Holland's petition for certiorari … [a]nd on that date – the date that our denial of the petition ended further direct review of Holland's conviction – the 1-year AEDPA limitations clock began to run," citing § 2244(d)(1)(A)).

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial

>authorizations that are conditions precedent to filing, such as
>satisfying any filing preconditions that may have been imposed on
>an abusive filer; and (4) other conditions precedent that the state
>may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The limitation period ran for 88 days, from July 23, 2010 until October 18, 2010, the day before Mr. Ellerton filed a Colo. Crim. P. Rule 35(b) motion for reconsideration of his sentence.  The one-year period was tolled from October 19, 2010 until December 6, 2010 (45 days after the state district court denied the Rule 35(b) motion on October 21, 2010, when Applicant failed to file a direct appeal).[1]

The limitation period then ran for 277 days, from December 7, 2010 until it expired on September 9, 2011 (88 days + 277 days = 365 days).  Mr. Ellerton did not file another state post-conviction motion until December 30, 2011, when he filed a motion to withdraw his guilty plea.  However, state post-conviction motions filed after the passage of the one-year period are not relevant to the timeliness of the federal application.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the

---

[1] Because the 45th day was Saturday, December 4, 2010, the last day to file an appeal was Monday, December 6, 2010.

statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).

Accordingly, the Court finds that this § 2254 proceeding is time-barred unless equitable tolling applies.

## III. Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland*, 130 S.Ct. at 2562; *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)). Mr. Ellerton bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Ellerton makes a conclusory assertion in his Reply that the untimely § 2254 Application was caused by the ineffective assistance of counsel, citing *Martinez v. Ryan*, ___ U.S. ___, 1232 S.Ct. 1309 (2012). (ECF No. 20, at 2). The Supreme Court held in *Martinez* that when state law prohibits a defendant from presenting a claim of

6

ineffective assistance of trial counsel on direct appeal, post-conviction counsel's deficient performance in failing to assert the claim on collateral review can serve as cause for a procedural default. *Id.* 1318-19. However, *Martinez* does not provide a basis for equitable tolling of the one-year limitation period in 28 U.S.C. § 2244(d). *See Lambrix v. Secretary, Florida Dept. of Corrections*, 756 F.3d 1246, 1249 (11th Cir. 2014) (recognizing that *Martinez* "has no application to the operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 petition") (internal quotation marks and citation omitted). Furthermore, *Martinez* cannot apply to excuse an untimely federal application "when the underlying claim is for something other than the ineffective assistance of trial counsel." *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012). Mr. Ellerton does not assert any ineffective-assistance-of-trial-counsel claims in the (Third) Amended Application.

Because Mr. Ellerton does not allege any facts that would provide a basis for equitable tolling of the one-year period, the Court finds that the § 2254 Application is time-barred. The Court need not reach Respondents' alternative argument that Mr. Ellerton's claims are procedurally defaulted.

**IV. Orders**

For the reasons discussed above, it is

ORDERED that the (Third) Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 12), filed by Applicant, Jeremy Ellerton, is DENIED as time-barred under 28 U.S.C. § 2244(d), and this action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Mr. Ellerton has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Ellerton files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED June 1, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court